CROSS v. JOHNSTON.

Opinion delivered July 22, 1905.

STATUTE OF FRAUD—ORAL SALE OF LAND—PART PERFORMANCE.—Where a tenant in possession of three acres of land contracted to purchase one hundred and twenty acres of which the former constitute a part, paid

part of the purchase money, and proceeded to clear and improve the residue of the land, his acts constituted a sufficient part performance of the contract to take the case out of the statute of frauds.

Appeal from Calhoun Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Affirmed with modification.

### STATEMENT BY THE COURT.

Elizabeth Cross was the owner of 120 acres of land in Calhoun County, which she contracted to sell to B. B. Johnston on the 1st day of March, 1899. He agreed to pay Mrs. Cross $285 for the land. He paid $50 of this at the time of the contract, and was to pay the remainder when the deed was executed. There was an acre or two of this land cleared, and Johnston had rented this cleared land from Mrs. Cross for that year, and had possession of it at the time he purchased. The next day after making the purchase Johnston took possession of and commenced to clear up and improve additional portions of the land he had bought. A few days afterwards he had a deed pre- pared, and sent it by one of his sons to Mrs. Cross with the balance of the purchase money to complete the purchase, but Mrs. Cross had changed her mind, and refused to execute the deed. Soon afterwards she sold the land to the Pearson Lumber Company for $275, ten dollars less than Johnston agreed to pay for it. Johnston brought this action in equity against Mrs. Cross and the lumber company, in which he alleged that he had paid part of the purchase money, had taken possession under his contract, and made improvements, etc., and that the lumber company had notice of his purchase from Mrs. Cross at the time it purchased from her, and he asked that her deed to the lumber company be canceled, and that she be required to execute a deed to him. The court found the facts in favor of the plain- tiff, and ordered Mrs. Cross to execute a deed to him, but made no order in reference to the deed she had executed to the lumber company. The defendants appealed.

*Thornton & Thornton,* for appellants.

Parol contracts for the sale of lands, partially performed, must be strictly proved. 39 Ark. 429; 44 Ark. 340; 63 Ark. 105; 34 Ark. 363; 15 Ark. 322; Fry, Spec. Perf. § 203, 229, 380;

Bispham, Pr. Eq. § 337. Part performance is not sufficient. 70
Ark. 350. Possession also must be exclusive, 44 Ark. 79; 21
Ark. 277; 33 N. W. 365; 29 S. W. 409; Fry. Spec. Perf. § 253;
Eaton, Eq. 555; Bispham's Eq. § 385. There was an adequate
remedy at law. Fry, Spec. Perf. 46. Specific performance will
not be decreed where the vendor has parted with title. 19 Ark.
51. The statute of frauds need not be pleaded when contract is
denied. 19 Ark. 34, 39. The decree of the chancellor is not
supported by the evidence. 55 Ark. 116; 41 Ark. 292; 42 Ark.
522.

*Smead & Powell,* for appellee.

The statute of frauds must be pleaded. 15 Ark. 322; 19 Ark.
34, 39; 32 Ark. 97; 71 Ark. 302. Appellant had notice of the
contract between Cross and the plaintiff before it purchased the
land. 23 Ark. 744; 32 Ark. 251; 58 Ark. 84, 446; 69 Ark. 448;
63 Ark. 149; 49 Ark. 336; 52 Ark. 11. Possession of another
at the time of the purchase was sufficient to put it upon inquiry.
Kirby's Dig. § 763; 33 Ark. 465; 34 Ark. 391; 37 Ark. 195; 47
Ark. 533; 41 Ark. 169; 54 Ark. 424; 66 Ark. 167; 48 Ark. 409.

RIDDICK, J., (after stating the facts.) This is an appeal from
a decree ordering the specific performance of a contract to sell
and convey land. The evidence is amply sufficient to support
the finding of the chancellor that the plaintiff did contract to sell
this land to the plaintiff, and that the lumber company, which
afterwards bought the land from her, had notice of his purchase,
at the time it purchased. But the contract of the plaintiff with
Mrs. Cross was not in writing, and the main question in the case
is whether the facts in proof are such as to take the contract
out of the statute of frauds. The plaintiff paid fifty dollars ·
on the purchase when the contract was made, and he took imme-
diate possession of the land, and commenced to clear and im-
prove the land. Plaintiff, it is true, was already in possession
of the cleared land, as a tenant, but there was only an acre or
two of this cleared land, and the plaintiff had no control of
the uncleared land until his purchase. If the only possession
shown had been that he continued to remain in possession of the
land that he already held as tenant, that would not have been
sufficient; but the evidence shows that he not only held the cleared

land, but, after the purchase and in pursuance of his contract, plaintiff took possession of the uncleared land, and commenced to make improvements upon the same by clearing the same and getting it ready for cultivation. He had no authority as tenant to cut timber and clear the land, and these acts of plaintiff show that he had taken possession of the land as owner thereof. As the evidence shows that this was done under the contract of purchase, we think that this, in connection with the part payment of the price, was sufficient to take the case out of the statute, and to authorize the decree rendered by the court. *Morrison* v. *Peay,* 21 Ark. 110; Pomeroy, Contracts, § 115.

By some oversight the decree of the court made no reference to the deed of Mrs. Cross to the Pearson Lumber Company, but, unless this deed is canceled, it is evident that a deed from Mrs. Cross to the plaintiff will be of no avail. As this was probably a mere oversight, the case, if plaintiff desires, may be remanded so that the decree can be corrected in that respect; but if that is done, the additional cost must be paid by the plaintiff. In other respects the decree is affirmed.